CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
EDUARDO ANTONIO MONGE MORENO
and ROCIO RAMIREZ, *individually and on*
*behalf of others similarly situated,*

*Plaintiffs*,

-against-

C & G TWINS, CORP.  (D/B/A BAGEL
BOBS), G. H. C. BAGELS CORP.  (D/B/A
BAGEL BOBS), GEORGE KAROUNAS, and
DENNIS RAFTIS,

*Defendants.*

-------------------------------------------------------X

**COMPLAINT**


**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiffs Eduardo Antonio Monge Moreno and Rocio Ramirez, individually and on behalf

of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, CSM Legal,

P.C., upon their knowledge and belief, and as against C & G Twins, Corp. (d/b/a Bagel Bobs), G.

H. C. Bagels Corp. (d/b/a Bagel Bobs), ("Defendant Corporations") George Karounas, and Dennis

Raftis, ("Individual Defendant"), (collectively, "Defendants"), allege as follows:

**NATURE OF ACTION**

1.      Plaintiffs are former employees of Defendants C & G Twins, Corp. (d/b/a Bagel

Bobs), G. H. C. Bagels Corp. (d/b/a Bagel Bobs), and George Karounas.

2.       Defendants own, operate, or control bagel shop, located at 1641 York Avenue, New

York, NY 10028 and 51 University Pl. New York, NY 10003 under the name "Bagel Bobs."

3.      Upon information and belief, individual Defendant George Karounas, serve or served as owner, manager, principal, or agent of Defendant Corporations and, through these corporate entities, operates or operated the deli as a joint or unified enterprise.

4.      Upon information and belief, individual Defendant Dennis Raftis, serve or served as owner, manager, principal, or agent of Defendant Corporations and, through these corporate entities, operates or operated the deli as a joint or unified enterprise.

5.      Plaintiffs were employed as deli workers at the deli located at 1641 York Avenue, New York, NY 10028 and 51 University Pl. New York, NY 10003.

6.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate overtime and spread of hours compensation for the hours that they worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

9.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

11.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C.

§ 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

14.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a bagel shop located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

15.     Plaintiff Eduardo Antonio Monge Moreno ("Plaintiff Monge" or "Mr. Monge") is an adult individual residing in Bronx County, New York.

16.     Plaintiff Monge was employed by Defendants at Bagel Bobs from approximately March 2010 until on or about October 2021.

17.     Plaintiff Rocio Ramirez ("Plaintiff Ramirez" or "Mr. Ramirez") is an adult individual residing in Bronx County, New York.

18.     Plaintiff Ramirez was employed by Defendants at Bagel Bobs from approximately February 2020 until on or about January 2022.

*Defendants*

19.     At all relevant times, Defendants owned, operated, or controlled bagel shop located at 1641 York Avenue, New York, NY 10028 under the name "Bagel Bobs."

20.     Upon information and belief, C & G Twins, Corp. (d/b/a Bagel Bobs) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1641 York Avenue.

21.     Upon information and belief, G. H. C. Bagels Corp. (d/b/a Bagel Bobs) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 51 University Place.

22.     Defendant George Karounas is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant George Karounas is sued individually in his capacity as owner, officer, and/or agent of Defendant Corporations. Defendant George Karounas possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23.     Defendant Dennis Raftis is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Dennis Raftis is sued

individually in his capacity as owner, officer, and/or agent of Defendant Corporations. Defendant Dennis Raftis possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

24.     Defendants operate bagel shops located in multiple neighborhoods in Manhattan.

25.     Individual Defendant, George Karounas and Dennis Raftis, possesses operational control over Defendant Corporations, possesses ownership interests in Defendant Corporations, and controls significant functions of Defendant Corporations.

26.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

27.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

28.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

29.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

30.     Upon information and belief, Individual Defendant George Karounas and Dennis Raftis operates Defendant Corporations as either alter egos of himself and/or fails to operate Defendant Corporations as entities legally separate and apart from himself, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

    b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporations for his own benefit as the sole or majority shareholder,

    e)  operating Defendant Corporations for his own benefit and maintaining control over these corporations as closed Corporations,

    f)  intermingling assets and debts of his own with Defendant Corporations,

    g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect his own interests, and

    h)  Other actions evincing a failure to adhere to the corporate form.

31.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

32.     In each year from 2016 to 2021, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the deli on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

34.     Plaintiffs are former employees of Defendants who were employed as Deli workers.

35.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Eduardo Antonio Monge Moreno*

36.     Plaintiff Monge was employed by Defendants at both locations from approximately March 2010 until on or about October 2021.

37.     Defendants employed Plaintiff Monge as a deli worker.

38.     Plaintiff Monge regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

39.     Plaintiff Monge's work duties required neither discretion nor independent judgment.

40.     Throughout his employment with Defendants, Plaintiff Monge regularly worked in excess of 40 hours per week.

41.     From approximately February 2016 until on or about March 2020, Plaintiff Monge worked as a deli worker 6 days a week. Plaintiff Monge worked from approximately 6:00 a.m. until on or about 7:30 p.m., 5 days a week, and from 6:00 a.m. until on or about 5:30 p.m. one day a week (typically 76 hours per week).

42.    From approximately April 2020 until on or about March 2021, Plaintiff Monge worked as a deli worker 6 days a week. Plaintiff Monge worked from 7:00 a.m. until on or about 5:30 p.m. (typically 60 hours per week).

43.    From approximately April 2021 until on or about October 2021, Plaintiff Monge worked as a deli worker from approximately 7 a.m. until on or about 4:30 p.m., 6 days a week (typically 54 hours per week).

44.    Throughout his employment, Defendants paid Plaintiff Monge his wages in a combination of check and cash.

45.    From approximately March 2016 until on or about December 2016, Defendants paid Plaintiff Monge $9.00 per hour.

46.    From approximately January 2017 until on or about December 2017, Defendants paid Plaintiff Monge $10.50 per hour.

47.    From approximately January 2018 until on or about December 2018, Defendants paid Plaintiff Monge $12 per hour.

48.    From approximately January 2019 until on or about December 2019, Defendants paid Plaintiff Monge $13.50 per hour.

49.    From approximately January 2020 until on or about October 2021, Defendants paid Plaintiff Monge $15.00 per hour.

50.    Plaintiff Monge's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

51.    Every week Defendants required Plaintiff Monge to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay. Here, Plaintiff

Monge was required to sign a document in which Plaintiff believes Defendants misrepresented the hours that he worked per week.

52.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Monge regarding overtime and wages under the FLSA and NYLL.

53.     Defendants did not provide Plaintiff Monge an accurate statement of wages, as required by NYLL 195(3).

54.     In fact, Defendants adjusted Plaintiff Monge's pay stubs so that they reflected inaccurate wages and hours worked.

55.     Defendants did not give any notice to Plaintiff Monge, of his rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).

*Plaintiff Rocio Ramirez*

56.     Plaintiff Ramirez was employed by Defendants from approximately February 2020 until on or about January 2022, at the York Avenue location.

57.     Defendants employed Plaintiff Ramirez as deli worker.

58.     Plaintiff Ramirez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

59.     Plaintiff Ramirez's work duties required neither discretion nor independent judgment.

60.     Throughout his employment with Defendants, Plaintiff Ramirez regularly worked in excess of 40 hours per week.

61.     From approximately February 2020 until on or about December 2020, Plaintiff Ramirez worked from approximately 7:00 a.m. until on or about 4:00 p.m., 6 days a week (typically 49 hours per week).

62.     From approximately January 2021 until on or about February 2021, Plaintiff Ramirez worked from approximately 7:00 a.m. until on or about 4:00 p.m., 6 days a week (typically 49 hours per week).

63.     From approximately June 2021 until on or about January 2022, Plaintiff Ramirez worked from approximately 7:00 a.m. until on or about 4:00 p.m., 6 days a week (typically 49 hours per week).

64.     Throughout his employment, Defendants paid Plaintiff Ramirez his wages in a combination of check and cash.

65.     From approximately February 2020 until on or about January 2022, Defendants paid Plaintiff Ramirez $15.00 per hour.

66.     Plaintiff Ramirez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

67.     Every week Defendants required Plaintiff Ramirez to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

68.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Ramirez regarding overtime and wages under the FLSA and NYLL.

69.     Defendants did not provide Plaintiff Ramirez an accurate statement of wages, as required by NYLL 195(3).

70.     In fact, Defendants adjusted Plaintiff Ramirez's paystubs so that they reflected inaccurate wages and hours worked.

71.     Defendants did not give any notice to Plaintiff Ramirez, in English and in Spanish (Plaintiff Ramirez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

72.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate spread of hours pay and overtime compensation as required by federal and state laws.

73.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

74.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

75.     Defendants' timekeeping system did not reflect the actual hours that Plaintiff Monge worked.

76.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

77.     On a number of occasions, Defendants required Plaintiffs to sign a document the contents of which they were not allowed to review in detail. Defendants required Plaintiffs to sign a document that reflected inaccurate or false hours worked. Defendants paid Plaintiffs their wages in a combination of check and cash.

78.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

79.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

80.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

81.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

82.     Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

83.     Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

84.     Plaintiffs bring their FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

85.     At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

86.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINUMUM WAGE PROVISION OF THE FLSA

87.     Plaintiffs repeats and realleges all paragraphs above as though fully set forth herein.

88.     At all times relevant to this action, Defendants were Plaintiffs employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Reyes (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

89.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

90.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

91.     Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

92.     Defendants' failure to pay Plaintiff (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of U.S.C. § 255(a).

93.     Plaintiffs (and the FLSA Class members) were damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

94.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

95.     At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

96.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

97.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

98.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

99.     Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

100.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

101.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

102.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff's overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

103.    Defendants' failure to pay Plaintiff's overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

104.    Plaintiffs were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

105.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

106.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

107.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

108.    Plaintiffs were damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

109.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

110.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

111.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

### SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

112.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

113.    With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and

basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

114.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

115.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

116.     With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following the dates of work covered by that payment of wages; the name of the employee; the name of employer, address and phone number of the employer; rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage net wages; the regular hourly rate of pay; the overtime rate of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

117.     Defendants are liable to Plaintiffs in the amount of $5,000, together with costs and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)  Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)  Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)  Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)  Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(e)  Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)  Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)  Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(h)  Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(i)  Declaring that Defendants violated the notice and recordkeeping requirements of

the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(j)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(k)     Awarding Plaintiffs damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(l)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o)      Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York

April 4 , 2022

CSM Legal, P.C

By:         /s/ Catalina Sojo, Esq.

Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# CSM Legal, P.C.
### Employment and Litigation Attorneys

60 E 42ⁿᵈ Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

―――――

catalina@csmlegal.com

February 2, 2022

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                         Eduardo Antonio Monge Moreno

Legal Representative / Abogado:      CSM Legal, P.C.

Signature / Firma:

Date / Fecha:                          2 de febrero 2022

*Certified as a minority-owned business in the State of New York*

# CSM Legal, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

catalina@csmlegal.com

February 2, 2022

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                             Rocio  Ramirez

Legal Representative / Abogado:        CSM Legal, P.C.

Signature / Firma:

Date / Fecha:                                   2 de febrero 2022

*Certified as a minority-owned business in the State of New York*