# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510
New York, New York 10165
ramsha@csm-legal.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

November 9, 2022

**VIA ECF**
Hon. John P. Cronan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: Monge Moreno et al v. C & G Twins, Corp. et al
Index No.: 1:22-cv-02775-JPC

Your Honor:

This office represents the Plaintiffs in the above referenced matter. Plaintiffs write jointly with Defendants to respectfully request that, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the Court approve the parties' negotiated settlement ("Agreement"), attached hereto as Exhibit A, and dismiss the case with prejudice.

**1. Background**

Plaintiffs filed a Complaint against Defendants alleging claims for unpaid overtime compensation; the failure to pay minimum wage; the failure to provide wage notices; the failure to pay spread of hours; and the failure to provide accurate wage statements along with liquidated damages, interest, attorneys' fees, and costs pursuant to, *inter alia*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and applicable regulations. Plaintiffs allege that they are entitled to back wages of approximately $95,948.58 and that if they had recovered in full for their claims, exclusive of attorney's fees, they would be entitled to approximately $254,495.26. A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B."

Plaintiffs alleges that they were employed by the Defendants bagel shop located at 1641 York Avenue, New York, NY 10028 under the name "Bagel Bobs" as deli workers. Plaintiffs also allege Defendants engaged in a wide variety of FLSA and NYLL violations, including failure to pay appropriate, unauthorized deductions from wages and gratuities, and failure to provide annual notice and wage statements. Defendants deny the allegations in the Complaint, deny any wrongdoing, and deny any liability that might cause Plaintiffs to be entitled to the above-claimed sums.

**Relevant Standard**

To determine whether a settlement is fair and reasonable, a court considers the totality of the circumstances, encompassing a range of factors including: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens

and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." Id.; *see also Beckert v. Rubinov*, No. 15–cv–1951, 2015 WL 6503832, at *1 (S.D.N.Y., Oct. 27, 2015). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema* 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (internal quotation marks and citation omitted).

### 2. The Proposed Settlement is Fair and Reasonable

The Parties have agreed to settle this action for the total sum of $15,000.00. Pursuant to the Agreement, the Settlement Amount shall be paid within thirty (30) days after the Court's approval of the Agreement and the dismissal of this action with prejudice. Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

The proposed settlement represents a reasonable compromise between the strengths and weaknesses of the Parties' respective positions. Having conferred with Defendants, it became clear that there were contested factual and legal disputes. Defendants provided extensive records showing the wages for the hours Plaintiffs worked. Accordingly, Defendants alleged that even if Plaintiffs succeeded on liability, their damages were not near what Plaintiffs claimed them to be. Plaintiffs dispute the accuracy and completeness of these records. To support their positions, however, plaintiffs relied solely on their recollection, as they had no documentary evidence to support their claims. Given the fact-intensive nature of the disputes, it is likely that substantive answers to these disputed issues would not be resolved until after significant discovery and motion practice, if not trial. Plaintiffs understand that that should they continue to litigate their claims, there is no guarantee they would recover what they believe they are owed. Based on these disputes the Parties engaged in good-faith, arm's length settlement negotiations, regarding not only Plaintiffs' FLSA claims, but also their state law claims. Considering the prospect of protracted litigation and an uncertain result, Plaintiffs feel that the Agreement represents a fair compromise. The parties reached this settlement after mediation with individual plaintiffs and counsel in an adversarial process.

Considering the risks in this case outlined above, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair and reasonable. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness

November 9, 2022
Page 3

of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### 3.  Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement, Plaintiffs' counsel will receive $5,601.73 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation with costs.

Plaintiffs' counsel's lodestar in this case is $4,827.00 and Plaintiffs' costs are $902.60. A copy of Plaintiffs' billing record is attached as "Exhibit C."  The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit.  *See Pinzon v. Jony Food Corp.*, No. 18-cv-00105 (RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result.") (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-cv-08706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016)); *Shapiro v. JPMorgan Chase & Co.*, No. 11-cv-07961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15-cv-01324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit.")  In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).  Additionally, everyone covered by this settlement has already agreed to the fee provided for in the Agreement.

Given Plaintiffs' counsels' experience representing plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work outlined in the Billing Record attached as "Exhibit C" and their rates in this matter is as follows:

i.  I, Ramsha Ansari have been a Litigation Associate at CSM Legal, P.C since January 2022. I am reflected in Exhibit C as "RA" and billed at a rate of $300 per hour. I graduated from Brooklyn Law School in 2020 and am admitted to the New York Bar, United States District Court Southern District of New York, the United States District Court, Eastern District of New York and the United States Court of Appeals for the Second Circuit. Prior to joining this firm, I worked as an associate at a firm's Labor and Employment Department representing Plaintiffs in discrimination, sexual harassment, and wage and hour lawsuits.

   ii. Work performed by paralegals ("PU" or "PL") are billed at the rate of $125 per hour. "[H]ourly rates for paralegals to $100 to $150 per hour are typical for awards in this [d]istrict." *Diaz-Caballero v. Midtown Catch Corp.*, No. 18 Civ. 4672 (AT), 2020 WL 8880944, at *2 (S.D.N.Y. Apr. 15, 2020) (alterations in original) (citation omitted) (finding that the paralegal's requested hourly rate of $100 was reasonable; *see also Quic v. Uncle Mario's Brick Over Pizza LLC*, No. 20 Civ. 8712 (RA), 2021 WL 4710794, at *2 (S.D.N.Y. Oct. 7, 2021) (approving proposed hourly rate of $125 for paralegals from same firm).

 Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

            Respectfully submitted,

            **CSM LEGAL, P.C.**

         By: *Ramsha Ansari*
            Ramsha Ansari, Esq.
            60 East 42nd Street, Suite 4510
            New York, NY 10165
            212-317-1200
            ramsha@csm-legal.com

Enclosures

CC: All Counsel (via ECF)

---

The Court is in receipt of the parties' settlement agreement. The Court has reviewed the proposal in light of *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170 (S.D.N.Y. 2015), and *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012), and finds that the settlement is fair.

The Court notes that the attorneys' fees were calculated using the percentage method and represent approximately one third of the total settlement amount. While the Court finds those fees to be reasonable, the Court does not make any finding as to the reasonableness of counsel's hourly rate or as to the reasonableness of any particular hours billed for work on this case.

Accordingly, the settlement is approved, the case is dismissed with prejudice, and, pursuant to the parties' joint request, the Court retains jurisdiction over the settlement for purposes of enforcement. The Clerk of Court is respectfully directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

November 10, 2022                _____
New York, New York                JOHN P. CRONAN
                        United States District Judge